## NEWARK HOMEBUILDERS COMPANY v. TOWNSHIP OF BERNARDS.

### Submitted July 6, 1916—Decided November 9, 1916.

Under sections 40-42 of "An act concerning townships" (*Comp. Stat.*, pp. 5591, 5592), providing for the method of assessing the cost of sidewalk improvement, an abutting owner can only be assessed with such part of the incidental expense of the work as bears the same ratio to the total incidental expense as the cost of labor and materials mentioned in the second subdivision bears to the whole cost of material and labor mentioned in section 40. Assessments for substantial grading, extra driveways for owners other than the one assessed, and for laying gutters, cannot be sustained under the section named.

On *certiorari* of sidewalk assessment.

Before Justices Swayze, Minturn and Kalisch.

For the prosecutor, *Arthur A. Palmer.*

For the township, *Harrison P. Lindabury.*

The opinion of the court was delivered by

Swayze, J.    The assessment is made under the authority of section 42 of the act concerning townships. That authorizes the assessment of the cost of the materials, incidental grading, curbing, recurbing, paving, relaying, repairing and finishing of all sidewalks fronting on or bordering upon the lands so improved and described in subdivision 2 of section 40, plus a proportionate part of the incidental expenses mentioned and described in section 41. Upon referring to section 40 it appears that subdivision 2 relates only to the materials, incidental grading and the curbing, recurbing, paving, relaying, repaving and finishing of the sidewalks in front of or bordering upon the land so to be improved. These items are set over against the items mentioned in subdivision 1, which are the substantial grading necessary to raise or

reduce the ground on which the sidewalks, gutters and crosswalks are to be constructed to the grade established therefor, the incidental grading and the laying of the crosswalks, the incidental grading and curbing of those portions of sidewalks that lie in the angles at the intersection of streets. Those parts of the sidewalk improvement described in subdivision 2 are sharply distinguished from those described in subdivision 1, and when it comes to the incidental expenses of the work, the township is authorized only to assess such part of those expenses as bear the same ratio to the total incidental expenses as the cost of materials and labor mentioned in the second subdivision bear to the whole cost of material and labor mentioned in section 40. The reason for this sharp distinction is made plain by the fact that section 42 authorizes an assessment on the abutting property in proportion to the lineal feet of frontage. Evidently the legislature had in mind the private rights in the sidewalk as a justification for assessing the whole cost of the sidewalk so far, and so far only, as private property abutted thereon.

The present assessment was not made in accordance with the statute. The property has been assessed for substantial as well as for incidental grading; for extra ten-inch concrete sidewalks, for driveways, to the benefit of certain properties only, although the cost has been apportioned among the total frontage, and for gutters. The first two items are clearly not authorized. We have reached the same result as to gutters in view of the evident intent of the statute and the fact that gutters are mentioned in subdivision 1 and not in subdivision 2. An error of forty-three feet in measuring the prosecutor's frontage is conceded in defendant's brief. We think the prosecutor has also established an additional error of twenty feet due to the failure to allow the width of a street that has been dedicated to the public. The assessment must be set aside, with costs, as to all prosecutors who have joined in the suit.

If counsel can agree upon the figures, a new assessment will be made by the court. If they cannot agree, we will appoint commissioners to ascertain the proper amount and make the assessment.